HARRIS, Judge.
James Griffin appeals his conviction of unlawful possession of contraband (a steak knife wrapped in a towel in his locker) while he was incarcerated at Marion Correctional Institution. He claims the trial court erred in “forcing legal counsel on appellant rather than determining if appellant was able to adequately represent himself.” The issue on appeal seems contradictory to the issue before the trial judge, but we nevertheless find no error and affirm.
Griffin’s argument below was that he wanted to fire his appointed counsel and have new counsel appointed for him. Griffin did not allege that his counsel was incompetent but, although not entirely clear from the record, appeared upset because counsel had communicated to him an offer for a negotiated plea. Since he desired a trial, he considered that he and his appointed counsel had a “conflict of interest.” Upon inquiry his counsel stated, “I think he’s got a triable case, and I’ll be prepared to try it.”
The court advised Griffin that although appointed counsel was available to him, he could not choose which attorney would be appointed. His options, since there was no charge of incompetency of counsel, were to accept the appointed counsel, employ his own counsel in the private sector or represent himself. Griffin made it clear that he did not wish to represent himself because he felt incompetent to do so but persisted in his refusal to accept the public defender appointed for him.
The trial judge permitted Griffin to proceed as his own attorney but required that the public defender sit near Griffin and assist him whenever Griffin requested. Griffin requested that counsel conduct voir dire and assist in selecting the jury. After selection of the jury, Griffin affirmatively requested that the appointed counsel represent him in the case and from that point on the public defender represented him. It is apparent that Griffin never wanted to represent himself; he merely wanted to choose his own public-provided lawyer.
The almost identical problem was presented to the court in Hardwick v. State, 521 So.2d 1071 (Fla.1988). However, in Hardwick the court refused to permit the public defender to withdraw. In the case before us, the public defender was permitted to withdraw to a “standby” position — to assist at the request of defendant. In Hardwick the defendant was not permitted to choose his court appointed attorney; neither was the defendant in the case at bar. He does not now claim that the court *919 erred in permitting the public defender to assume a standby role, but in requiring him to accept the public defender’s representation. The record does not support his position. The trial court’s handling of this matter is consistent with Hardwick and we find no error.
We note, however, that the judgment reflects that Griffin was convicted of a third degree felony. This appears to be a clerical error. The offense of possession of a weapon in a correctional institution is a second degree felony. §§ 944.47(2) and 944.47(l)(a)5, Fla.Stat. (1989). Since the scoresheet correctly assesses points for a second degree felony, we remand only for correction of the judgment.
AFFIRM, but REMAND for correction of judgment.
PETERSON and GRIFFIN, JJ., concur.